## G. Llinás & Co., Recurrente, *v*. El Registrador de San Germán, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Germán denegando la inscripción de una escritura de constitución de hipoteca.

### No. 274.—Resuelto en abril 28, 1916.

Poder Expreso—Bienes Gananciales—Enajenación o Gravamen de Bienes Gananciales.—Para la enajenación o gravamen de bienes pertenecientes a la sociedad conyugal, el marido necesita poder expreso de la esposa.

Id.—Enajenación o Gravamen de Bienes Gananciales—Consentimiento de Ambos Cónyuges—Intención.—Habiendo sido otorgado el poder en este caso en 1897 o sea en fecha en que el Código Civil Español no había sido aún reformado en el sentido de que los bienes inmuebles de la sociedad conyugal no pueden ser enajenados o gravados bajo pena de nulidad sino mediante el consentimiento de ambos cónyuges, precepto establecido por el artículo 159 del Código Civil vigente, *se resolvió:* que no podía entonces la esposa tener intención de conferir a su consorte facultad para que la representara en los actos constitutivos de enajenación o gravamen de bienes gananciales.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. Manuel Tous Soto.*

El registrador recurrido, Sr. A. Malaret, compareció en nombre propio.

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

En 18 de diciembre de 1897, Doña María de los Angeles Mariani y Mariani, esposa de Don José Trani y Dragoni, otorgó a favor de este último un poder general, autorizándole entre otras cosas, en su nombre y representación, primero, para que administre y cuide de todos los bienes que entonces poseía y los que en lo sucesivo pudiera adquirir; recaude sus rentas y productos y practique las demás gestiones de un celoso y entendido administrador; venda, arriende, permute, hipoteque y ceda cualesquiera fincas rústicas o urbanas, censos, servidumbres, créditos hipotecarios y otros derechos reales y personales que correspondan a la mandante y que adquiera en lo sucesivo, por los precios, pactos y condiciones que estime convenientes, cobrando y pa-

gando al contado o a plazos, exigiendo seguridades respecto de las cantidades que quedaren aplazadas, formalizando al efecto las escrituras congruentes que firmará por sí con las cláusulas necesarias para su validez; y cuarto, para que dé y tome prestado cualesquiera cantidades en efectivo y de cosas fungibles, otorgando obligaciones hipotecarias con el interés, tiempo y condiciones que le parezcan ventajosos.

En febrero 24, 1916, Don José María Trani y Dragoni, por su propio derecho y como apoderado de su esposa Doña María de los Angeles Mariani y Mariani, constituyó hipoteca voluntaria sobre cierta finca perteneciente a la sociedad de gananciales.

Presentado este documento al registro fué denegada su inscripción por las razones consignadas por el registrador en su nota, las cuales son como sigue:

"Denegada la inscripción del precedente documento en cuanto a la parte de la hacienda 'Arvela' que radica en el barrio Río Prieto Saliente, término municipal de Yauco, única que corresponde a la demarcación de este registro, por no hallarse inscrita dicha finca a nombre del deudor Don José María Trani y Dragoni ni tener éste tampoco poder especial de su esposa para hipotecar bienes gananciales, y tomada en su defecto anotación preventiva por 120 días, a favor de la sociedad mercantil G. Llinás & Ca., al folio 155 del tomo 41 de Yauco, finca No. 2401, anotación letra A. San Germán, marzo 6 de 1916. A. Malaret. El registrador."

El recurrente no discute el primer fundamento que ha sido aducido y renuncia expresamente toda cuestión relativa al particular, pero insiste en que debe ser revocada la calificación en lo que respecta a la suficiencia del poder. La cuestión no es *res nova* en este tribunal, pues fué resuelta en sentido adverso a las pretensiones del recurrente hace algunos años, en el caso de *López Landrón* v. *El Registrador,* 15 D. P. R. 722.

En el presente caso ocurre además la particularidad de que el poder de que se trata fué otorgado por la esposa Doña María de los Angeles Mariani a favor de su esposo Don José

Trani en 18 de diciembre de 1897, o sea en fecha en que el Código Civil Español no había sido reformado en el sentido de que los bienes inmuebles de la sociedad conyugal no podrían ser enajenados o gravados bajo pena de nulidad, sino mediante el consentimiento expreso de ambos cónyuges, precepto establecido por el artículo 159 del Código Civil reformado. No podía, pues, entonces, la esposa tener la intención de conferir a su consorte facultad para que la representara en los actos constitutivos de enajenación o gravamen de bienes gananciales.

Es de confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.